```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    Cv. No. 04-3049-Ma/V
                                       Cr. No. 04-20051-Ma
ROBERT L. STEVENSON,

       Defendant.

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Robert L. Stevenson, Bureau of Prisons inmate registration number 19466-076, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee,[1] filed a _pro se_ motion pursuant to 28 U.S.C. § 2255 on December 21, 2004.

On July 14, 2004, a federal grand jury returned a one-count superseding indictment charging McKinney with bank burglary, in violation of 18 U.S.C. § 2113(a). Pursuant to a written plea agreement, Stevenson appeared before United States Circuit Judge Julia Gibbons, sitting by designation, on July 23, 2004 to enter a guilty plea to the superseding indictment. The plea agreement provided, in part, as follows:

---

[1] Stevenson's Tennessee Department of Corrections prisoner number is 281309.

> 3. The parties agree that the defendant's sentence in this federal case shall be ordered to be served concurrently with the Tennessee State sentence he is presently serving [in] case number 02-07247.

Plea Agreement, filed July 23, 2004, ¶ 3.  The Court accepted Stevenson's guilty plea.  This judge conducted a sentencing hearing on October 20, 2004, at which time Stevenson was sentenced to twenty-four (24) months imprisonment, to run concurrently with the state sentences pursuant to which Stevenson was incarcerated, and to be followed by a two-year period of supervised release.  Judgment was entered on October 21, 2004.  The judgment form provided, in pertinent part, that the sentence imposed "shall run concurrent with defendant's State sentence in Case Number 02-07247."  Stevenson did not appeal.

Stevenson has now filed a § 2255 motion in which he complains that "[t]he district court did not award pre-trial jail credits" for "the time defendant spent in detention prior to imposition of the judgement - as required by law."  This claim is subject to dismissal because Stevenson does not seek an order vacating his federal conviction or his federal sentence.  Instead, his claims go to the manner in which federal and state officials are executing his federal sentence.  These claims cannot be brought in a motion pursuant to 28 U.S.C. § 2255.  United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."); see also Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).  Therefore, the motion must be dismissed for lack of subject-matter jurisdiction.

2

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and, therefore, his motion is DENIED.

Consideration must also be given to issues that may arise if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to

3

deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003)(quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[2]

In this case, the defendant's claim is noncognizable in a § 2255 motion and, therefore, he cannot present a question of some substance

---

[2] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

4

about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the

---

[3] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

5

Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 31$^{st}$day of February, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

04-3049.Order.wpd